FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

2018 SEP 20  AM II: 08

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

CASE NO: 5:18-cv- 490-Oc-30 PRL

LLOYD BROWN, on behalf of himself and all others
similarly situated,

     **Plaintiff,**

v.

ANSAFONE CONTACT CENTERS, LLC,
a Florida Limited Liability Company

     **Defendant.**

_____/

## COLLECTIVE ACTION COMPLAINT

     Plaintiff Lloyd Brown, on behalf of himself and all others similarly situated ("Plaintiff"), by and through his undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA") against ANSAFONE CONTACT CENTERS, LLC ("Defendant" or "ACC ") for unpaid overtime compensation and hereby states as follows:

### INTRODUCTION

     1.    Plaintiff worked as an hourly paid call center employee for Defendant in Ocala, Florida.

     2.    Plaintiff brings this lawsuit on behalf of himself and all other similarly-situated employees of Defendant, who performed similar duties to, and who were paid in the same illegal manner as Plaintiff.

     3.    Defendant has a policy and practice of failing to pay hourly paid call center employees like Plaintiff full and proper overtime compensation for all overtime hours worked, based on its common policy of refusing to account for pre and post-shift

work including finding an available work station, logging in and logging out, and performing other necessary pre and post shift tasks to complete work duties for the day.

4.  This lawsuit is brought as a collective action under the FLSA to recover unpaid overtime compensation owed to Plaintiff and other similarly-situated employees.

5.  Plaintiff will seek conditional certification and notice to an opt-in class of hourly paid call center employees pursuant to the FLSA, 29 U.S.C. § 216(b), who were employed by Defendant during the three-year period preceding the filing of this action (hereinafter, "Relevant Liability Period").

6.  In addition to Plaintiff, at least five (5) other similarly situated employees have requested to participate in this lawsuit, and Plaintiff will be filing their Consents to Join as well.

## JURISDICTION AND VENUE

7.  The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8.  Venue in the Middle District of Florida is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant provides services in this District and is thus considered a resident of this District. Further, a significant portion of the events giving rise to the claim alleged herein occurred within this District.

## PARTIES

9.  Plaintiff is an adult resident of Florida, and was employed by Defendant as an hourly paid call center employee in Ocala, Florida, from February 3, 2016, through February 3, 2018.

10.     During the Relevant Liability Period, Plaintiff was a covered employee within the meaning of the FLSA.

11.     During the Relevant Liability Period, Defendant failed to pay Plaintiff for all overtime hours worked, and denied Plaintiff overtime compensation for hours worked in excess of forty per week.

12.     Plaintiff filed his Consent to Become Party Plaintiff in this action. *See* attached as *Exhibit A*.

13.     Defendant is a Florida Limited Liability Company with its principal place of business in Ocala, Florida.

14.     Defendant is a covered employer within the meaning of the FLSA, and during the Relevant Liability Period, Defendant employed Plaintiff and other similarly situated hourly paid call center employees.

15.     During the Relevant Liability Period, Defendant has employed two or more persons, including Plaintiff, and has "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in § 203(s)(1)(A)(i).

16.     During the Relevant Liability Period, Defendant has achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

## FACTUAL ALLEGATIONS

17.     Defendant operates a call center in Ocala, Florida, and in California.

18.     Defendant employs hundreds of individuals throughout the State of Florida and in California at any given time.

19.    Defendant's hourly paid call center employees are the backbone of the company bringing and maintaining Defendant's services to the public.

20.    Defendant has employed Plaintiff and similarly situated employees as hourly paid call center employees, or in equivalent positions with similar job duties, however titled, throughout Florida and California.

21.    Plaintiff, and those similarly situated, are not exempt from the overtime provisions of the FLSA and are paid on an hourly basis.

22.    Defendant has, and continues to fail to, pay Plaintiff and the putative class proper overtime compensation, by failing to properly account for and pay for all necessary pre and post shift duties necessary to complete daily work duties.

23.    In sum, Plaintiff and the putative class routinely worked over forty hours in a work week, but were not paid overtime wages for all of that work, as required by the FLSA due to Defendant's common policy and plan of not recording all hours worked.

24.    Defendant's policy of wrongfully denying Plaintiff, and the putative class' hours of overtime work is companywide.

25.    Defendant knew, and has known, that Plaintiff and all similarly employees perform work without compensation and has chosen to deny them overtime compensation for performing this work in willful disregard of their rights under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

26.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs through 25.

27.    Plaintiff brings Count I as an opt-in collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following:

> All persons employed as hourly paid call center employees
> for Defendant for the past three years (plus any applicable
> tolling) from the date of this Complaint to the present who
> were not paid full and proper overtime compensation for
> all hours worked due to Defendant's timekeeping
> practices.

28.     The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

29.     Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's policies and practices of failing to pay full and proper overtime compensation.

30.     The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

## COUNT I

### FAILURE TO PAY OVERTIME COMPENSATION TO HOURLY PAID LABORERS IN VIOLATION OF THE FLSA DURING THE FLSA RELEVANT LIABILITY PERIOD

31.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1 through 25 with respect to all hourly paid call center employees.

32.     During the FLSA Relevant Liability Period, Defendant failed to accurately record all hours worked by all hourly paid call center employees and did not fully compensate hourly paid call center employees for all their hours worked for Defendant in excess of forty (40) per week as required by Section 207 of the FLSA.

33.    Hourly paid call center employees were victims of the same common and illegal policy and plan by Defendant to deny them overtime compensation required by the FLSA.

34.    Defendant's failure to pay hourly paid call center employees for all overtime hours worked in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

35.    Plaintiff, on behalf of himself and other hourly paid call center employees, seeks unpaid overtime compensation in an amount to be determined, as well as an equal amount of liquidated damages (or pre-judgment interest in the event liquidated damages are denied), post-judgment interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all hourly paid call center employees, demands judgment against Defendant and prays that this Court:

a.    Issues notice to all hourly paid call center employees who were employed by Defendant at any time during the Relevant Liability Period, informing them of their right to file consents to join this action;

b.    Declares Defendant's policy of failing to keep accurate time records and not paying hourly paid call center employees full and proper overtime pay illegal under the FLSA;

c.    Finds that Defendant's violation of the FLSA was willful and impose a three- year statute of limitations period for FLSA claims;

d.     Awards Plaintiff and all other hourly paid call center employees unpaid overtime compensation;

e.     Awards hourly paid call center employees an amount equal to unpaid overtime compensation as liquidated damages under 29 U.S.C. § 216(b);

f.     Awards hourly paid call center employees pre-judgment interest if liquidated damages are not awarded;

g.     Awards hourly paid call center employees post-judgment interest as provided by law;

h.     Awards hourly paid call center employees reasonable attorneys' fees and costs as mandated by Section 216(b) of the FLSA; and

i.     Awards hourly paid call center employees such other relief as the Court deems fair and equitable

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 14th day of September 2018.

/s/NOAH E. STORCH
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Richard@floridaovertimelawyer.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO:

LLOYD BROWN, on behalf of himself and all others
similarly situated,

    Plaintiff,

v.

ANSAFONE CONTACT CENTERS, LLC,
a Florida Limited Liability Company

    Defendant,

_____/

## CONSENT TO BECOME PARTY PLAINTIFF

I, LLOYD BROWN, consent to become the party plaintiff in the above-styled
Lawsuit

Date:  February 20, 2018

Signature: _____

Print:      Lloyd Brown