**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

LLOYD BROWN, on behalf of himself and all
others similarly situated,

    Plaintiffs,

                                        CASE NO.5:18-CV-00490-JSM-PRL

v.

ANSAFONE CONTACT CENTERS, LLC, a
Florida Limited Liability Company,

    Defendant.
_____/

**ANSAFONE CONTACT CENTERS, LLC'S RESPONSE**
**TO PLAINTIFF'S OBJECTION TO MAGISTRATE'S**
**REPORT AND RECOMMENDATION (DKT. 138)**

**I.  INTRODUCTION**

After full briefing and an evidentiary hearing, Magistrate Judge Lammens issued a detailed Report and Recommendation ("Report") (Dkt. 134), with numerous citations to the transcript of the hearing, recommending that Plaintiff's Motion For Sanctions Against Defendants, Stay of Discovery, Re-Open Notice Period And To Issue Corrective Notice, Expedited Briefing Schedule And For Evidentiary Hearing (the "Motion" Dkt. 120) be denied. Plaintiff has now filed an **untimely** Objection to the Report (Dkt. 138) that misstates the law, the evidence, and the Report, and provides no basis for rejecting or altering the recommended ruling.

For the most part, the Objection merely repeats the legal section of the Motion and asks this Court to conclude that the applicable law is contrary to what the cases cited in the briefs (including Plaintiff's own cases) and the Report establish. Specifically, Plaintiff suggests that

any communications with potential opt-in Plaintiffs (unless it is about company business) is improper and requires sanction. This is not the law, and, instead, it was Plaintiff's burden to show that Ansafone took actions to interfere with the proper conduct of the litigation which, as the Magistrate concluded and the admitted evidence shows, Ansafone ***did not*** do.

Plaintiff then urges the Court to reject Magistrate Lammens' determinations related to the credibility of the witnesses during the evidentiary hearing and his informed conclusions based upon the evidence presented as to what was, in fact, communicated at the meetings forming the subject of the Motion. The purpose of the evidentiary hearing was to permit Magistrate Lammens to hear sworn testimony (evidence) directly from the witnesses. As revealed in the filed transcript (Dkt. 131) and as Judge Lammens concluded, Ansafone's witnesses testified consistently with their previously filed declarations and gave credible testimony as to what transpired at the meetings; in contrast, Plaintiff's witnesses deviated materially from their filed declarations and their testimony was not credible. As such, Plaintiff did not meet his burden on the Motion, and the Report should be adopted in full.

## II.    PLAINTIFF HAS MISSTATED THE STANDARD OF REVIEW

Plaintiff argues in the Objection that the Court must conduct a *de novo* review of the issues raised in his Objection and that, regardless of whether objections are filed, the Court must review the Report's legal conclusions *de novo*. This is not an accurate statement of the applicable law.

As an initial matter, as the Report sets forth in footnote 1, the parties had fourteen (14) days to file any objections to the Report. This Court is not required to conduct a *de novo* review of issues covered in the Report in the absence of a **timely** objection. *See Danubis Grp,*

*LLC v. Landmark Am. Ins. Co*, 2018 U.S. Dist. LEXIS 13575 at *13 (MD Fla. March 13, 2018). In addition to the requirement of being timely, objections "must specifically identify" – indeed, "pinpoint" – those "specific findings that the party disagrees with." *See Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 856–57 (11th Cir. 2010).

In the case of a non-dispositive motion, as here, a Magistrate Judge's ruling is reviewed for clear error, even where there have been timely and specific objections. FRCP 72(a); 28 USC § 636(b)(1)(A). Where a Court refers an evidentiary hearing to a Magistrate Judge, to the extent that timely and specific objections to a report are filed, the Court should conduct a *de novo* review of those specific issues. 28 USC § 636(b)(1)(B). However, in providing for a *de novo* determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chooses to place on a magistrate's proposed findings and recommendations. *See U.S. v. Raddatz*, 447 U.S. 667, 676 (1980).

Here, the Court referred the Motion to the Magistrate Judge and, given that the Motion was non-dispositive, Ansafone contends that the Magistrate Judge could have issued an order rather than a report and recommendation. FRCP 72(a). However, given that there was an evidentiary hearing conducted, it may be that the Report was the appropriate vehicle for seeking a final determination from the Court. 28 USC § 636(b)(1)(B). Under either procedure, the Court has the discretion to rely upon the Magistrate Judge's findings and recommendations.

Further, if no timely and specific objections to a Magistrate Judge's findings of fact are filed, the District Court is not required to conduct *de novo* review of those findings. *See Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also* 28 U.S.C. § 636(b)(1). Similarly,

3

and contrary to Plaintiff's assertion, if no timely and specific objections to a magistrate judge's report and recommendation are filed, the district court reviews legal conclusions **only for clear error**. *See United States v. Agarwal*, 2018 U.S. Dist. LEXIS 79693 at *2, ftnt 1(N.D. Ga. May 11, 2018) ("The Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases).").

### III.   THE OBJECTION WAS NOT TIMELY FILED NOR ARE THE OBJECTIONS SUFFICIENTLY SPECIFIC

Magistrate Judge Lammens issued his Report on September 18, 2019. *See* Dkt. 134. Plaintiff's Objection was not filed until October 3, 2019, fifteen (15) days later. *See* Dkt. 138. Plaintiff has not offered any explanation for the untimely filing. By failing to file the Objection within the requisite fourteen day period, Plaintiff has waived any right to have this Court conduct a *de novo* review of his specific objections to the Report. FRCP 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."); *Hobbs v. Las Cruces Pub. Schs. Bd. Of Educ.*, 2014 U.S. Dist. LEXIS 31039 at *17 (D. NM March 4, 2014) (finding objections filed a day late to be untimely and concluding that the interests of justice did not require the Court to review the untimely objections *de novo*.)

In addition, the Objection does not pinpoint the specific findings in the Report with which Plaintiff is taking issue. Instead, the Objection simply assumes that Plaintiff has

established what occurred in the meetings and from there argues that the Report's conclusions are contrary to law. These are not sufficiently specific objections for the Court to conduct a *de novo* review, even if one were required. *Hobbs v. Las Cruces,* 2014 U.S. Dist. LEXIS 31039 at *18 (finding that objections, including arguments about the "precedent" the ruling would set but failing to challenge the proposed findings or legal reasoning, lacked sufficient specificity to require any review.)

## IV. THE MAGISTRATE'S REPORT IS CORRECT ON THE LAW

The only propositions of "law" that the Report sets forth are entirely correct: 1) that there is no bright line rule prohibiting communications between a defendant and potential opt-in plaintiffs and 2) that federal courts have exercised their discretion to correct the effects of communications with potential FLSA collective action members after misleading, coercive, or improper communications are made. Report at p. 5.

In the Plaintiff's Objection, Plaintiff seemingly contends/argues that any communications at all with potential opt-in plaintiffs is improper unless it is about company business. *See* Objection at p. 4. However, Plaintiff fails to cite to a single case or other authority as support for the proposition. Instead, the Objection merely regurgitates verbatim the same recitation of the law set forth in Plaintiff's Motion, citing to cases that clearly do not support Plaintiff's position and are entirely distinguishable from the circumstances here, as set forth in Ansafone's Opposition to the Motion at pages 12-15. *See* Dkt. 121.

The law as cited by Plaintiff, Ansafone and the Magistrate Judge in the Report are consistent: under certain circumstances, Courts find the need to take corrective action regarding communications about a lawsuit, but only when Plaintiff has met his or her burden

to show that the communications were misleading, coercive or improper. Furthermore, contrary to Plaintiff's characterization, the burden on the Plaintiff in such circumstances is a relatively high bar. *See Bobryk v. Durand Glass Mfg. Co.*, 2013 U.S. Dist. LEXIS 145758 at **4-6 (D.N.J. 2013) (the party seeking to limit communications must show "(1) that a particular form of communication has occurred . . . and (2) that the particular form of communication at issue . . . threatens the proper functioning of the litigation.") The Report is correct on the law.

## V.   PLAINTIFF HAS MISCHARACTERIZED THE EVIDENCE AND THE REPORT

The Objection makes several arguments that mischaracterize the evidence and the Report.

For instance, Plaintiff argues (without citation to any evidence) that it is "undisputed" that the meetings were called solely to discuss the lawsuit. No such evidence is in the record. Nor does Plaintiff cite to any case law to support the notion that a meeting called solely to discuss a lawsuit is per se improper and requires Court intervention.

Further, Plaintiff argues that the Report's "main focus" is whether the words "if you join, you will be fired" were used during the meetings. That is not the case at all. The Report simply lists some examples of why the Magistrate Judge did not find the testimony of Plaintiff's witnesses, whose declarations were vague, to be credible, and it includes the highlights from the hearing of their persistently vague responses to the Court's efforts to determine the alleged "threats" to support the Court's conclusion. Report at pp. 5-8.

Plaintiff also asserts that the Report's conclusions rely on the fact that there were 22

declarations submitted from witnesses that Plaintiff was not permitted to cross-examine. However, the Report states specifically that those declarations simply reinforced the Magistrate Judge's conclusions drawn from the testimony of the two witnesses called by Ansafone at the hearing. *See* Report at p. 9 ("Their testimony alone was compelling. Their testimony, however, was further corroborated by declarations from twenty-two customer service representatives, all of whom attended the meetings and averred that they were not threatened with loss of job, demotion, loss or hours or a schedule change, or any other threats of any kind to their jobs.")

And, importantly, Plaintiff omits to mention that two of the 22 customer service representative witnesses were at the courthouse and available to testify. While defense counsel decided not to call these witnesses, Plaintiff's counsel could have called them as adverse witnesses in support of his Motion. He did not do so, nor did he make any objections on the record regarding his inability to cross-examine additional witnesses. In fact, when there was a discussion among counsel and the Court about the remaining witnesses to be called, wherein the Plaintiff's counsel indicated that he did not believe the two declarant witnesses who were present needed to testify. Transcript (Dkt. 131) at p. 96:25-97:4 ("The other – the two CSRs, if they're just going to, you know, say that Dawn spoke and it was not just Ms. Owens, and that they didn't threaten, I think that we could probably not waste time.") In the moment, Plaintiff's counsel determined (correctly) that the testimony of these two declarants would not help, and would in fact hurt, the Plaintiff's position. In any event, Plaintiff's counsel declined to call these witnesses and his argument after the fact that he was deprived of that opportunity should be rejected.

Plaintiff also asserts, without citation or explanation, that the 22 declarations are inconsistent with each other. Again, this is not accurate and, in any event, could have been determined on the papers and should have been the subject of a reply brief (which Plaintiff could have requested to file), instead of being raised in the Objection for the first time after the evidentiary hearing and adverse finding.

These baseless arguments should all be rejected.

## VI. THE MAGISTRATE'S REPORT IS CORRECT ON THE FACTS

The Report concludes that "Plaintiff failed to offer credible evidence that the meetings were misleading, coercive, or otherwise abusive." Report at p. 5. A review of the hearing transcript fully supports this factual finding. *See* Transcript *generally* and Report at pp. 4-8. Ansafone's witnesses, seasoned human resources administrators, testified (consistent with their declarations) that their communications at the meeting to the attendees were entirely consistent with the contents of the notice and that they did not make any threats of retaliation, directly or indirectly. Report at p. 4, 9 and citations therein. In fact, the opposite is true – they specifically reiterated what was also set forth in the notice, i.e., that retaliation for joining a lawsuit is illegal. Report at p. 4 and citations therein. On the other hand, Plaintiff's two witnesses provided testimony that was inconsistent with the testimony set forth in their declarations, internally inconsistent, and at times did not make sense. *See* Report at pp. 5-9 and citations therein.

In addition to the responses to the questions posed at the hearing by counsel and the Magistrate Judge, the Magistrate Judge also relied upon non-verbal clues as to the witnesses' credibility and concluded that Ansafone's witnesses were more credible as to what transpired

at the meetings.  Report at p. 9 ("While the excerpts of the transcript clearly illustrate the lack of detail, they fail to convey the witnesses' demeanor, body language, and unnatural pauses, all of which made the testimony of Mr. Maldonado and Ms. Moman even less believable.  In sharp contrast, Defendant presented credible and convincing testimony by Ms. Owens and Ms. Johnson regarding the content of the meetings.")  Under any standard of review, there is no basis for questioning the Magistrate Judge's factual conclusions, reached as the trier of fact at an evidentiary hearing where the very purpose of taking live testimony was to determine which witnesses were telling the truth.

## VII.   CONCLUSION

For the foregoing reasons, Ansafone respectfully requests that the Report be adopted in its entirety as this Court's ruling on the Motion.

Dated:  October 7, 2019

Respectfully submitted,

By: /s/ *G. Wrede Kirkpatrick*
G. Wrede Kirkpatrick
Florida Bar No. 984116
**HINES NORMAN HINES, P.L.**
315 S. Hyde Park Ave.
Tampa, FL  33606
Phone:  (813) 251-8659
Facsimile: (813) 254-6153
Local counsel for Defendant,
ANSAFONE CONTACT CENTERS, LLC

By: */s/ Kirsten Miller*
Kirsten Miller, Esq.
Kathrin Wanner, Esq.
MILLER WANNER, LLP
515 S. Flower St., 18th Floor
Los Angeles, CA  90071
*Pro Hac Vice* Lead Counsel for Defendant,
ANSAFONE CONTACT CENTERS, LLC

9

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of October, 2019, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which served a notice of electronic filing on the following:

Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida  33314
Phone:  (866) 344-9243
Email:  noah@floridaovertimelawyer.com
Attorney for Plaintiffs

                                                */s/ G. Wrede Kirkpatrick*
                                                Attorneys for Defendant