# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

LLOYD BROWN, on behalf of himself and
all others similarly situated,

     Plaintiff,

v.                              Case No: 5:18-cv-490-Oc-30PRL

ANSAFONE CONTACT CENTERS,
LLC,

     Defendant.

_____

## ORDER

**THIS CAUSE** came on for consideration on the Report and Recommendation submitted by Magistrate Judge Philip R. Lammens (Doc. 134). Lloyd Brown objected to the Report and Recommendation (Doc. 138), and Ansafone Contact Centers, LLC responded (Doc. 141). Having reviewed the Report and Recommendation, the party's filings (Docs. 120–130), the transcript of the evidentiary hearing (Doc. 131), the objections, and response, the Court concludes the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

## BACKGROUND

Ansafone operates a call center in Ocala, Florida. Brown worked in the call center as a customer service representative ("CSR"). Brown alleges that Ansafone violated the Fair Labor Standards Act ("FLSA") by not compensating him and other CSRs for all the time they worked. So Brown filed this collective action against Ansafone.

In December 2018, this Court conditionally certified the collective action and directed that a Notice be mailed to the class members. (Docs. 32 and 39). The approved Notice was mailed on January 9, 2019, and the sixty-day opt-in period for the class members closed on March 10, 2019. In all, 62 class members opted into the lawsuit.

On July 21, 2019, Brown filed the instant motion (Doc. 120) to stay discovery and reopen the notice period based on meetings that Ansafone held with currently employed class members shortly before the Notice was sent. Brown alleges the CSRs were threatened to not opt into the lawsuit during these meetings, based on the testimony of two former Ansafone employees who attended at least one of the meetings. But Ansafone denies that any such statements were made and provides declarations of about 20 CSRs who deny that threats were made. (Doc. 121). Ansafone also provided declarations from its Human Resources Manager Dawn Johnson and Director of Operations Lynda Owens, the two who conducted the meetings, denying that they made any threats and, in fact, explicitly told the CSRs that it was unlawful for Ansafone to retaliate against anyone who opts in.

The Court referred Brown's motion to the Magistrate Judge to conduct an evidentiary hearing and provide a Report and Recommendation. After the hearing, the Magistrate Judge issued his Report and Recommendation (Doc. 134) setting forth the law and his factual findings. The Magistrate Judge explained:

> As a starting point, there is no bright-line rule barring a defendant from speaking with putative class members. *See Bobryk v. Durand Glass Mfg. Co., Inc.*, No. 12-cv-5360 (NLH/JS), 2013 WL 5574504, at *3 (D.N.J. Oct. 9, 2013); *Longcrier v. HL-A Co., Inc.*, 595 F.Supp.2d 1218, 1225 (S.D. Ala. 2008) (noting "it is quite clear that a defendant in a § 216(b) action is not categorically forbidden from communicating with prospective opt-in plaintiffs."). However, federal courts have exercised their discretion to

correct the effects of communications with potential FLSA collective action members after misleading, coercive, or improper communications are made. *See Billingsley v. Citi Trends, Inc.*, 560 Fed. Appx. 914, 922 (11th Cir. 2014).

(Doc. 134, p. 5). The Magistrate Judge then concluded that the testimony of Brown's two witnesses failed to show that Ansafone's "meetings were misleading, coercive, or otherwise abusive." (Doc. 134, p. 5). The Magistrate Judge also noted, "In sharp contrast, [Ansafone] presented credible and convincing testimony by Ms. Owens and Ms. Johnson regarding the content of the meetings … and denied delivering any threats of retaliation against the customer service representatives, discouraging them from joining the lawsuit, or telling them that there would be consequences for joining the lawsuit." (Doc. 134, p. 9). Finally, the Magistrate Judge concluded that Owens and Johnson's testimony "was further corroborated by declarations from twenty-two customer service representatives, all of whom attended the meetings and averred that they were not threatened with loss of job, demotion, loss or hours or a schedule change, or any other threats of any kind to their jobs." (Doc. 134, p. 9).

## DISCUSSION

On October 3, 2019, Brown filed an untimely objection to the Magistrate Judge's Report and Recommendation. While the precise objection is unclear, Brown appears to argue that the testimony of his witnesses shows that Ansafone had improper communications with class members who refrained from opting into the lawsuit for fear of reprisal. Stated another way, Brown argues that the Magistrate Judge's factual findings are wrong. And if the Magistrate Judge had made the correct factual findings, then the law would be on Brown's side. The Court concludes the objection lacks merit.

As a threshold matter, the Court concludes that the standard of review is immaterial because the result would be the same regardless of what standard is applied. (Doc. 138, pp. 3–4, arguing the Court's review of factual determinations is *de novo*); (Doc. 141, pp, 2–4, arguing that clear error standard applies because no specific and timely objections were filed). The Court notes, though, that district courts generally must make "a *de novo* determination" of proposed factual findings from a magistrate judge if there are specific objections. 28 U.S.C. § 636(b). But as the Supreme Court explained, "the statute calls for a *de novo* determination, not a *de novo* hearing." *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 2411, 65 L. Ed. 2d 424 (1980).

In reviewing the Magistrate Judge's Report and Recommendation, hearing transcript, and the parties' declarations, the Court concludes the Magistrate Judge did not err when weighing the conflicting testimony. The Magistrate Judge articulated reasons for finding Brown's witnesses unpersuasive, including their inability to specifically state what threats were communicated and how. The Magistrate Judge also found that testimony of Owens and Johnson was credible and supported by the numerous declarations that Ansafone provided.[1] The Court finds no error in these findings.

The Court also finds no error in the Magistrate Judge's application of the factual findings to the law. Based on the factual findings, Ansafone held informative meetings

---

[1] The Court also concludes that the Magistrate Judge did not err by taking into account the declarations of other CSRs by virtue of Brown not being able to cross-examine the declarants. Brown made no such objection at the evidentiary hearing, and he chose not to call two of the declarants as adverse witnesses even though they were available at the hearing. Further, Brown could have subpoenaed any of the declarants himself if he wanted to examine them on their statements, but he chose not to do so.

with the employed class members to let them know that they should be claiming all time worked, that the approved Notice would be forthcoming, and that Ansafone would not retaliate if they opted into the lawsuit. Because these communications were not "misleading, coercive, or improper", *Billingsley*, 560 Fed. Appx. at 922; they do not warrant sanctions against Ansafone or the reopening of the notice period.

**ACCORDINGLY**, it is therefore, **ORDERED AND ADJUDGED**:

1. The Report and Recommendation (Doc. 134) of the Magistrate Judge is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Plaintiff Lloyd Brown's Objection (Doc. 138) is OVERRULED.

3. Plaintiff Lloyd Brown's "Motion for Sanctions against Defendant, Stay of Discovery, Reopen Notice Period and to Issue Corrective Notice, Expedited Briefing Schedule, and for Evidentiary Hearing" (Doc. 120) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of October, 2019.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies Furnished To**</u>:
Counsel/Parties of Record