UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LLOYD BROWN, on behalf of himself
and all others similarly situated,**

    **Plaintiff,**

**v.**                                                      Case No: 5:18-cv-490-Oc-30PRL

**ANSAFONE CONTACT CENTERS,
LLC,**

    **Defendant.**

_____

# ORDER

In this collective action for overtime compensation under the Fair Labor Standards Act, 29 U.S.C. Sec. 201, et seq., ("FLSA"), Defendant moved to dismiss opt-in plaintiffs who did not respond to discovery. (Doc. 133). Plaintiffs responded in opposition and argued, in part, that Defendant's motion should be denied because it never filed a motion to compel. (Doc. 140). Defendant then promptly filed a motion to compel pertaining to the same discovery issues (Doc. 145), and Plaintiffs responded. (Doc. 148). For the reasons explained below, Defendant's motion to compel is due to be granted. The non-responsive opt-in Plaintiffs shall be given a limited time to respond, failing which they shall be dismissed from this action.

**I.  BACKGROUND**

Plaintiffs are all former employees of Defendant and were employed as Customer Service Representatives. On December 7, 2018, the district judge granted Plaintiffs' motion to conditionally certify a class of "all current and former customer service representatives employed by Ansafone Contact Centers, LLC at its call center in Ocala, Florida, who were employed at any time during the period from March 16, 2015, to present, and who were not paid full and proper

overtime compensation for all hours worked due to Ansafone Contact Centers, LLC's timekeeping practices." (Doc. 32, p. 5-6). The opt-in period closed on approximately March 10, 2019. Defendant represents that 62 individuals (including Plaintiff Lloyd Brown) joined the action. In May and June of 2019, following issuance of the Case Management Order, Defendant served written discovery directed at the opt-in plaintiffs, including interrogatories and requests for production.

The parties do not dispute that Plaintiffs requested at least two extensions for responding to the discovery requests, and that Plaintiffs' counsel later stated (on more than one occasion) that they would be filing dismissals for 28 of the non-responsive opt-ins. Meanwhile, numerous other opt-in plaintiffs responded to the interrogatories and a portion responded to document requests with self-generated documents including items such as personal calendars. Plaintiffs did so despite their earlier contention that individual discovery was not appropriate, as expressed in the Case Management Report (Doc. 118, p. 7). Also, at no time did Plaintiffs file a motion for protective order or otherwise seek protection from the discovery requests that they now claim are of limited probative value. Plaintiffs also served discovery themselves in their individual capacities.

To summarize, counsel for Defendant repeatedly inquired of Plaintiffs' counsel when the promised dismissals would be filed and repeatedly received assurances that the dismissals were forthcoming. (Doc. 133-1, p. 3-4). Finally, counsel for Defendant requested in writing that the dismissals be filed by close of business on September 11, 2019. (Doc. 133-1, p. 4). Counsel for Plaintiffs continued to delay and did not respond to Defendant's offer to prepare and file the dismissals with Plaintiffs' authorization. (Doc. 133-1, p. 4). Defendant's motion to dismiss, and the subsequent motion to compel followed. (Docs. 133 & 145).

## II. LEGAL STANDARDS

Generally, parties are entitled to discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering various factors. Fed. R. Civ. P. 26(b)(1). Under Rule 26, however, the Court has broad discretion to limit the time, place, and manner of discovery as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The Court's exercise of discretion to appropriately fashion the scope and effect of discovery will be sustained unless it abuses that discretion to the prejudice of a party. *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1505 (11th Cir.1985); see also *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir.1991) ("The trial court ... has wide discretion in setting the limits of discovery, and its decisions will not be reversed unless a clearly erroneous principle of law is applied, or no evidence rationally supports the decision.").

## III. DISCUSSION

Here, Defendant contends that the discovery directed at Plaintiffs was not burdensome and was narrowly tailored to truly essential inquiries. Defendant argues that the opt-in Plaintiffs are a diverse group as to the timeframes they worked, equipment used, shifts worked, and supervisors to whom they reported. (Doc. 145, p. 6). The disputed discovery is limited to a set of 13 interrogatory questions for each opt-in plaintiff, plus 6 requests for production. (Doc. 145-3 & 145-4). Defendant contends that the requests seek information directly relevant to issues in dispute and a calculation of each plaintiff's claimed overtime hours.

Indeed, examples of the interrogatories include questions such as: (Interrogatory #4) What was your title(s) position? Briefly describe your duties for each title held and the time period you held each title; (Interrogatory #6) Provide an accounting of your claim; (Interrogatory #10) What

team(s) did you work on during your employment (list all teams and applicable dates); (Interrogatory #11) Did you work on any shared teams(s) (i.e., teams which shared clients and where not "dedicated" to specific clients) during your employment?; (Interrogatory #12) Did you work on any dedicated teams(s) (i.e., teams assigned to specific clients) during your employment: (If so, list all teams, the client(s) serviced and applicable dates); and (Interrogatory #13) Did you work as a dispatcher at any times during your employment? (Doc 145-3). The requests for production are also limited to 6 brief requests for information such as documents supporting Plaintiffs' claims for overtime compensation, documents reflecting hours worked for Defendant, and communications between each plaintiff and any current or former employee of Defendant regarding the allegations in the complaint. (Doc. 145-4).

At this late stage, despite the sequence of events described above, Plaintiffs now oppose the motion to compel and argue that Defendant is in possession of the information requested. Plaintiffs also contend that discovery from a representative sampling is the norm in FLSA cases and that the sample of discovery Defendant already has should suffice. As Plaintiffs contend, courts in some FLSA cases have allowed representative employees to prove violations with respect to all employees. *See Reich v. Gateway Press, Inc*., 13 F.3d 685, 701-02 (3d Cir. 1994) ("[c]ourts commonly allow representative employees to prove violations with respect to all employees."). More accurately, however, the issue is determined on a case by case basis and where an individual defendant shows cause to obtain the information from all opt-in Plaintiffs, courts have determined that the individual discovery is appropriate. *See Nadreau v. Lush Cosmetics NY, LLC*, No. 2:10-CV-298-FTM, 2012 WL 1648891, at *2 (M.D. Fla. May 10, 2012).

The Court agrees with Defendant that the 13 interrogatories and 6 requests for production are narrowly tailored to obtain information relevant to the claims and defenses in this action, and

are not unduly burdensome. It is entirely possible that certain opt-in plaintiffs who have not yet responded have maintained their own calendars or records pertaining to their claims. (Indeed, some of the opt-in plaintiffs have already produced such records in response to the requests.) Likewise, plaintiffs may have a recollection about their team, shift, or supervisor assignments that differs from Defendant's records and would be relevant to claims or defenses. Plaintiffs do not cite any authority (or prior ruling in this case) that demonstrates that Defendant is not entitled to verify or compare each plaintiff's version of the facts with their own records. The more burdensome thing would have been for Defendant to request depositions of all the opt-in Plaintiffs, but it has not done that. Rather, Defendant has taken a representative number of ten depositions and has not requested more. While the Court does not dispute that representative discovery is sometimes appropriate in collective FLSA actions, Defendant has shown that the individual discovery served by it is appropriate here. *See Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1244-45 (11th Cir. 2008) (observing that district court limited the number of depositions of opt-in plaintiffs in collective FLSA action, but allowed defendant to serve 25 written interrogatories on all opt-in plaintiffs).

Further, the context of Plaintiffs' belatedly raised argument regarding representative discovery is significant. After mentioning their position in the Case Management Report, Plaintiffs proceeded to fully participate in discovery, failed to move for a protective order, requested numerous extensions to produce the discovery, and on multiple occasions, counsel for Plaintiffs represented that the non-responding opt-in plaintiffs would be dismissed. Under these unique circumstances, Defendant's failure to previously file a motion to compel is easily understood. Those same events weigh in favor of the Court's decision to compel the individual opt-in plaintiffs to now respond to the discovery requests.

Defendant contends (and Plaintiff does not dispute) that 28 of the 62 Plaintiffs in this case have not responded to written discovery at all, and that 7 additional Plaintiffs did not provide verified responses to special interrogatories. Accordingly, for the reasons stated above and in the particular circumstances of this case, Defendant's motion to compel is due to be granted.[1] The non-responsive opt-in plaintiffs shall be required to provide complete discovery responses, failing which they may be dismissed. *See Pluviose v. Am. Coach Lines of Orlando, Inc.*, No. 6:08-CV-10-ORL-31KRS, 2009 WL 2382250, at *5 (M.D. Fla. July 31, 2009), report and recommendation adopted in part, No. 6:08-CV-10-ORL-31KRS, 2009 WL 2500460 (M.D. Fla. Aug. 14, 2009) (striking the notices to join of opt-in plaintiffs who failed to respond to discovery, following an order to compel). *See also Dinkins v. ConAgra Foods, Inc.*, 347 F. App'x 446, 449 (11th Cir. 2009) (affirming dismissal with prejudice where plaintiff failed to comply with court orders and lesser sanctions had been ineffective).

IV. CONCLUSION

For the reasons stated above, Defendant's motion to compel responses to discovery (Doc. 145) is **GRANTED**. On or before **November 8, 2019**, Plaintiffs shall provide to Defendant complete responses to all outstanding written discovery for the opt-in plaintiffs, including verifications. Plaintiffs are specifically advised that failure to comply with this Order within the time required may result in sanctions, including striking of the intents to join the case by the non-

---

[1] Defendant's motion does not address whether it seeks its reasonable expenses incurred in making the motion, including attorney's fees under Federal Rule of Civil Procedure 37. Because expenses and fees are not requested and under the unique procedural posture of Defendant's motion to compel and the prior motion to dismiss, and given the arguments raised by Plaintiffs in support of their position for representative discovery as well as their good-faith efforts to obtain discovery responses from the non-responsive opt-in plaintiffs, the Court finds that these circumstances make an award of expenses unjust at this time.

responsive plaintiffs and dismissal of their claims. In light of the relief granted here, Defendant's initial motion, styled as a motion to dismiss (Doc. 133), is denied.

By November 15, 2019, Defendant shall advise the Court regarding which opt-in plaintiffs failed to respond to this Order and which responded but failed to verify their interrogatories.

**DONE** and **ORDERED** in Ocala, Florida on October 30, 2019.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties