UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LLOYD BROWN, on behalf of himself and all
others similarly situated,

    Plaintiffs,

                                      CASE NO.   5:18-CV-00490-JSM-PRL

v.

ANSAFONE CONTACT CENTERS, LLC, a
Florida Limited Liability Company,

    Defendant.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF THE CASE WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, LLOYD BROWN, on behalf of himself and all others similarly situated ("Named Plaintiff"), and Defendant, ANSAFONE CONTACT CENTERS, LLC ("Defendant") (collectively referred to as the "Parties"), by and through their respective undersigned counsel jointly request that this Court approve the Parties' Settlement Agreement and FLSA Release and dismiss the above captioned matter with prejudice, and in support thereof state as follows:

1. Plaintiff filed his Complaint, on behalf of himself and all others similarly situated, against Defendant seeking payment of unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). *See* ECF No. 1.

2. The Defendant disputes Plaintiff's claims and denies that Plaintiff, and the Opt-In Plaintiffs are entitled to any overtime compensation.

3. On December 7, 2018, this Court granted Plaintiff's Amended Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members. *See* ECF No. 32.

4. At this time, 29 Opt-In Plaintiffs, including Plaintiff, remain a part of this action.

5. The parties engaged in extensive written discovery and production of documentation, including thousands of pages of records.

6. The parties also took a total of thirteen (13) depositions.

7. Finally, the parties attended a full day mediation on January 7, 2020, which was the parties' second mediation.

8. The Parties have successfully come to an agreement to resolve their disputes as to the claims asserted in the Complaint. The Parties now seek approval from the Court of the FLSA Settlement Agreement, and dismissal of the instant case with prejudice. The FLSA Settlement Agreement is attached as *Exhibit A*.

9. The Settlement Agreement and FLSA Release provides that the Defendant will pay the following:

- Total Settlement Amount of $89,500.00.

- A Settlement Common Fund of $5,956.26 from the Total Settlement Amount shall be apportioned and used to pay all Individual Settlement Payments to Plaintiff and Opt-In Plaintiff for alleged overtime damages;

- Attorneys' Fees and Costs in the amount of $82,543.74 shall be made payable to Richard Celler Legal, P.A.

10. As described more fully below, the Parties agree this is a fair and reasonable settlement of a bona fide dispute.

11. The Opt-In Plaintiffs expressly designated the Named Plaintiff to make decisions on their behalf concerning the Lawsuit, including negotiating a resolution of their claims, in their Consent to Join forms filed with the Court.

12.     The Parties respectfully suggest good cause has been shown as they seek approval of this settlement and dismissal of this case with prejudice.

## MEMORANDUM OF LAW

**A. Standard of Review.**

This action arises under the FLSA. In *Lynn's Foods Stores, Inc. v. U.S. Dep't of Labor*, the Court held, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F.2d 1352 (11th Cir. 1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Id.* at 1353. Alternatively, under section 216(b), when an employee brings "a private action for back wages . . . and present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1352.

Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of fraud or collusion behind the settlement:
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits:
(5) the range of possible recovery; and
(6) the opinions of counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In considering these factors, the Court should be mindful of the strong presumption in favor of finding

a settlement fair. *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287 at *4 (M.D. Fla. Jan. 8, 2007) (citing *Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977)).

### B. There Is a Bona Fide Dispute as to Plaintiff's FLSA Claims and the Relevant Criteria Support Final Approval of the Settlement.

In *Dees v. Hydradry, Inc.*, the Court first analyzed "internal factors" to determine if a compromise of an overtime claim was fair to the employee and required the parties seeking approval of the compromise to describe the nature of the dispute including the employer's reasons for disputing the employee's right to compensation and the employee's reasons for believing the disputed wages were due. 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

### Nature of the Dispute

Plaintiff, on behalf of himself and all others similarly situated, allege that he and the Opt-In Plaintiff were subjected to the same illegal pay practices at issue, namely, the non-payment of full and proper overtime compensation for all hours worked over forty (40) during any workweek. Further, it was alleged that Defendant has a policy and practice of failing to pay hourly paid call center employees like Plaintiff and Opt-In Plaintiffs, full and proper overtime compensation for all overtime hours worked, based on Defendant's common policy of refusing to account for pre and post-shift work, including finding an available work station, logging in and logging out, and performing other necessary pre and post-shift tasks to complete work duties for the day.

The Defendant denies the allegations and whether Plaintiff, and Opt-In Plaintiff's are entitled to any relief whatsoever and maintains that Plaintiff, and the Opt-In Plaintiffs, were fully compensated for all hours that they worked for Defendant. Further, Defendant believes that its position is confirmed by the pay and time records produced. Finally, Defendant filed its Motion to Decertify, believing that it is appropriate for each claim to be resolved individually.

The Defendant also contends that there is no liability for liquidated damages because its actions were in good faith and it had reasonable grounds to believe their acts, practices or omissions were not a violation of the FLSA as provided at 29 U.S.C. §541.200 and 29 U.S.C. §541.203.

## Summary of the Settlement

After considering the above dispute, the Parties agreed to a settlement of Plaintiff's claims. The Parties have engaged in hard-fought litigation, starting with the filing of Plaintiff's Motion for Conditional Certification, which was granted; followed by engaging in significant written discovery, including the production of thousands of records; a total of thirteen (13) depositions were taken by the parties; the parties participated in an evidentiary hearing, which required full briefing; and, finally, the parties participated in mediation.

After consideration of Plaintiff's allegations and the Defendant's defenses, and after conducting all of the foregoing, the Parties agreed pursuant to the Settlement Agreement and FLSA Release. The Settlement Agreement and FLSA Release provides that the Defendant will pay the following:

- Total Settlement Amount of $89,500.00.
- A Settlement Common Fund of $5,956.26 from the Total Settlement Amount shall be apportioned and used to pay all Individual Settlement Payments to Plaintiff and Opt-In Plaintiff for alleged overtime damages;
- Attorneys' Fees and Costs in the amount of $82,543.74 shall be made payable to Richard Celler Legal, P.A.

## The *Leverso* Factors

In evaluating a compromise, the Court should also consider an array of "external" or contextual factors pertinent to the statutory purpose of the FLSA. *Dees*, 706 F. Supp. 2d at 1243-44. Compromise may be permissible if, for example, the FLSA issue in a case is unresolvedly close on the facts or the law or some extraordinary circumstance commends a speedy or certain resolution. *Id*. at 1244. Here, the Parties agree that there is a bona fide dispute as to whether Plaintiff and Opt-In Plaintiffs were fully compensated for all hours that they worked for Defendant.

Turning to the specific factors set forth in *Leverso*, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each Party was independently represented by counsel. Plaintiff, and Opt-In Plaintiffs, were represented by Richard Celler Legal, P.A. and the Defendant was represented by Miller | Wanner, LLP. All counsel involved in this case have extensive experience in litigating claims under the FLSA, including claims for unpaid overtime wage compensation. Each counsel was obligated to, and did, vigorously represent their clients' rights.

The complexity, expense, and length of future litigation also support approval of this settlement. The Parties continue to disagree over the merits of the claims Plaintiff asserted, on behalf of himself and all others similarly situated. As explained above, Plaintiff, and Opt-In Plaintiffs allege that they were subjected to the same illegal pay practices at issue, namely, the non-payment of full and proper overtime compensation for all hours worked over forty (40) during any workweek. Further, it was alleged that Defendant has a policy and practice of failing to pay hourly paid call center employees like Plaintiff and Opt-In Plaintiffs, full and proper overtime compensation for all overtime hours worked, based on Defendant's common policy of refusing to

account for pre and post-shift work, including finding an available work station, logging in and logging out, and performing other necessary pre and post-shift tasks to complete work duties for the day.

The Defendant denies the allegations and whether Plaintiff, and Opt-In Plaintiff's are entitled to any relief whatsoever and maintains that Plaintiff, and the Opt-In Plaintiffs, were fully compensated for all hours that they worked for Defendant. Further, Defendant believes that its position is confirmed by the pay and time records produced. Defendant also contends that, assuming arguendo, Plaintiff performed any work, for which he was not paid, which Defendant denies, it was de minimis. Finally, Defendant filed its Motion to Decertify, believing that it is appropriate for each claim to be resolved individually.

If the Parties continued to litigate this matter, they would be forced to engage in motion practice, including the possible decertification, and ultimately a costly trial, or costly individual trials, to resolve this matter, the merits of which are uncertain. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs.

As to the stage of the litigation, there has been extensive investigation and exchange of information to allow counsel and the Parties to make well-reasoned decisions in this matter. The Parties have exchanged relevant information pertaining to the factual basis for the claims and defenses in the matter. In agreeing upon the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion. Specifically, Defendant's and Plaintiff's counsel separately compiled individualized, opt-in specific damages models to compare various damages iterations using Plaintiffs' pay and time records as well as the other information developed during discovery. Both parties were aware of these damages models and potential outcomes of the case if it was

litigated through trial and negotiated at arms' length, with the help of the Court appointed mediator and the benefit of this shared information to reach a joint conclusion.

Plaintiff's probability of success on the merits is uncertain, further suggesting that this settlement is fair and appropriate. The range of possible recovery by Plaintiff and Opt-In Plaintiffs is also open to dispute. Even if Plaintiff, and Opt-In Plaintiffs, succeed on the merits of their claim, which would require substantial additional time and exercise of resources by both Parties, the exact amount of his recovery is uncertain. It will be difficult for Plaintiff, and Opt-In Plaintiff, to prove the precise number of overtime hours worked. In light of the uncertainty of the amounts, if any, Plaintiff, and Opt-In Plaintiffs, would recover if they were to continue litigating the claims, the Court should find that the settlement is fair and reasonable.

Finally, all Parties were represented by counsel who have experience litigating FLSA claims. The Parties weighed the opinions of their counsel in deciding whether to settle. For all these reasons, the Court should find that the settlement is a fair and reasonable settlement of a bona fide dispute.

### C. The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms*, 2006 U.S. Dist. LEXIS at *6-7; *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). In determining the reasonableness of attorneys' fees, the lodestar is generally recognized as a reasonable fee. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Helms*, 2006 U.S. Dist. LEXIS at *5. Courts have held, however, that it is unnecessary to inquire into the reasonableness of the hourly rate charged by plaintiffs' counsel where both parties stipulate as to the

reasonableness of the attorney's fees. *See Helms* at 12 ("The FLSA does not require the court assess the fairness of the agreed payment of attorney's fees in settling an individual action."). Here, the Parties stipulate that the proposed fees to Plaintiff/Opt-In Plaintiff's counsel are reasonable and were negotiated separately from and without regard to the amount being paid to Plaintiff, and Opt-In Plaintiffs, under the terms of the Settlement Agreement and FLSA Release. *See Bonetti v. Embarq Mgmt.*, Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (concluding there is no reason to assume the attorneys' fee influenced reasonableness of settlement when attorneys' fees were negotiated separately and without regard to amounts being paid to plaintiff on a compromised FLSA claim). Therefore, the Parties request that this Court find the proposed attorneys' fees reasonable.

### D. Conclusion

As demonstrated above, the settlement terms are fair, reasonable and adequate. Thus, the Parties hereby jointly stipulate that the case should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a), upon approval of the settlement by the Court as requested above, and for the Court to retain jurisdiction in order to enforce the terms of the Settlement Agreement and FLSA Release, if needed.

WHEREFORE, the Parties respectfully request that the Court (i) GRANT this Joint Motion for Approval of the Settlement Agreement and FLSA Release; (ii) APPROVE the settlement outlined in this motion and the attached Settlement Agreement and FLSA Release; and (iii) GRANT such further relief as the Court deems appropriate.

**By:** */s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida  33324
Phone:  (866) 344-9243
Email:  noah@floridaovertimelawyer.com
Attorney for Plaintiffs

By: /s/ *G. Wrede Kirkpatrick*
G. Wrede Kirkpatrick
Florida Bar No. 984116
**HINES NORMAN HINES, P.L.**
315 S. Hyde Park Ave.
Tampa, FL  33606
Phone:  (813) 251-8659
Facsimile: (813) 254-6153
wkirkpatrick@hnh-law.com
Local counsel for Defendant,
ANSAFONE CONTACT CENTERS, LLC

By: */s/ Kirsten Miller*
Kirsten Miller, Esq.
Kathrin Wanner, Esq.
MILLER WANNER, LLP
515 S. Flower St., 18th Floor
Los Angeles, CA  90071
*Pro Hac Vice* Lead Counsel for Defendant,
ANSAFONE CONTACT CENTERS, LLC

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed using the CM/ECF system on this 31st day of January, 2020, which will send a copy to all counsel of record.

*/s/ Noah E. Storch*
Noah E. Storch, Esq.